■ In the Matter of the Final Accounting of ABRAHAM STREIFER as Committee of BERTHA F. BANGS, Respondent. BERTHA F. BANGS, Appellant.— Appeal from an order of Special Term which dismissed certain objections to the committee's intermediate and final judicial accounts. Bertha Bangs, appellant herein, while confined in the Matteawan State Hospital was adjudicated an incompetent and a committee was appointed on January 25, 1952 but resigned on September 23, 1952 at which time the respondent herein was appointed successor committee. He continued to act in such capacity until July 14, 1959 when the appellant was declared competent and as of that date he was ordered by the court to prepare and make a final accounting from December 31, 1958, he having previously filed five intermediate accounts to which no objections were taken. The respondent also filed a separate account as to money received from the Veterans' Administration from November 6, 1953 to the date of the other final account. Upon receiving notice of the filing of the final account, the appellant filed objections not only to it but to the Veterans' Administration account; the five prior intermediate accounts and to two judicially approved real estate sales of the incompetent's property. As to the latter objection, the committee shortly after his appointment peti-

tioned the court for instructions as to the disposition of the real and personal property. Pursuant to the order of the court, a special guardian was appointed to protect the interests of the incompetent and on October 13, 1953, an order was made by the court directing the sale, among other things, of both parcels of real property belonging to the incompetent. The committee thereafter, apparently as a further safeguard, made two separate applications to the court for permission to sell the individual parcels of real estate. In both instances notice was given as directed by the court, a special guardian was appointed to protect the interests of the incompetent, proof of the value of the property was given by real estate appraisers and thereafter an order was made by the court directing the committee to convey the property to the prospective purchaser in consideration of the agreed price set forth in the order. Several objections were made ranging from procedural defects to claim of inadequate sales.price. It appears that the committee in seeking instructions from the court was of the opinion that if the real property was to remain vacant for any appreciable time it should be sold as it was "subject to depredations of intruders and deterioration by mere passage of time". No appeal was taken from either of the orders directing sale of the property. We find no jurisdictional or procedural defect and as to the merits it is apparent that the committee, if anything, was overzealous in his attempt to protect the interest of the incompetent. Procedural defects as to notice are alleged as to each of the orders settling the intermediate accounts of the respondent, it being contended that there should have been personal service of the notice and petition whereas it had been given by mail in accordance with the direction by the court. The appellant relies upon subdivision 4 of section 1374 of the Civil Practice Act, which states in part that the presentation of such petition shall be personally given to the incompetent person but from our reading of the section we note that the last sentence thereof reads "When notice is required, it may be given in any manner which the court deems proper". There must be finality to these matters and we find as to notice there was a sufficient compliance with the statute. These proceedings here questioned are not original incompetency proceedings. At each intermediate accounting, a special guardian was appointed to protect the interest of the incompetent. The reports filed by the special guardian are not questioned by the appellant. There is no showing on this record of any alleged irregularities, fraud or deception. The principal objection to the Veterans' Administration account is a procedural defect of not giving notice to the Administration of the intermediate accounts but from examination, it is apparent that these intermediate accounts made no attempt to in any way settle the funds received from the Veterans' Administration. The account now objected to shows the total receipts and that amount, together with interest, was turned over to the appellant. There is no showing nor is there any claim of any alleged irregularities, fraud or deception and the objection is without merit. If there were a jurisdictional defect, the Veterans' Administration would be the proper party to make such claim. It is significant that that agency has filed no objection as to procedural defects, the accuracy of the accounting or the actions of the committee. The remaining contentions raised by the appellant we consider to be without merit. Ample opportunity was given to present any further facts or charges by the appellant. We are satisfied that the committee acted in and for the best interests of the incompetent and the record on appeal is ample justification for such finding. Special Term left open several matters which it felt concerned themselves with the final accounting. Order unanimously affirmed, with costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.